# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2009 MAR 20 P 4: 30

Thomas L. Brantley, Edna Rena Brown, Leanna W. Daniels, )
Jayne Yarbrough Garrett, Tracy Lee Griffis, Graves Pickett, )
**Z.S.**          who sues by and through his guardian )
and next of friend, Krista Smith, Sarah Louise Thomas, Jack )
Newell Wadsworth, Jodie Angeline Wilson, Brooke Abbott, )
Mary Olive Adair, Clark Emerson Adams, Julia Mae Adams, )
Melinda Denae Adams, Tangela Latasha Adams, Torrence )
Rondell Adams, Gill Albert, Ruby Lee Albert, Crystal D. )
Albright, Ethel Lee Albright, Joesph Albright, John Wesley )
Albright, Kenneth Jerome Albright, Sadie Mae Albright, )
Dorothy Myers Anderson, Gwendolyn Gail Anderson, Hazell )
Anderson, Helen Anderson, Kevin Patrick Anderson, Robert L. )
Anderson, Carolyn W. Arrington, Shirley M. Arthur, Sheila Ann )
Barnett, Alberta Richards Bates, Everleon Howard Bates, )
Georgianna Bates, Herman Charles Bates, Jerry Lee Bates, )
Otelia Bates, Madge G. Benefield, Hazel Beringer, Jeff Beringer, )
Essie Mae Blue, Madgeline Coleman Blue, Tyrone Gregory )
Blue, Sandra Lynett Bonner, Johnny L. Bowman, Lillie Mae )
Bowman, Rosemary D. Bowman, Victoria Jackson Bowman, )
Sylvia D. Brantley, Frank Brooks,     **I.B.**      :, who sues )
by and through his guardian and next of friend, Shukita Gardner, )
Rodney Leonard Brooks, Theresa Brooks, Virginia A. Brooks, )
**A.B.**         , who sues by and through his guardian )
and next of friend, April Brown, Demetric Antionne Brown, )
Juliet Brown, Minnie Pearl Brown, Robert Brown,   **S.B.** )
       who sues by and through his guardian and next )
of friend, Edna Brown, Beverly Lynn Burt, Martha L. Burt, )
Michael Shan Burt, Timothy Burt, Jo Ann Cain, Beverly Jean )
Pickett Carroll, Carlton Clay, Elaine Morris Coley, Freddie Lee )
Cook, Cheryl Ann Nash Cottle, Terry Dwayne Cottle, Mildred )
Cowling, Richard Lee Crawford, George Willis Cromer, Deloise )
Jean Cutler, Teresa Wright Cutler, Walter Matthew Cutler, Viola )
E. Davidson, Bettye Jean Davis, Daisy Maria Davis, Elizabeth )
Lamar Davis, Jessie Davis, Jimmy Lee Davis, Lanetta S. Davis, )
Martha Key Davis, Maurice Andrew Davis, Ollie B. Davis, )
Sandra Annetta Davis, Vanessa Warren Davis, Deshannon )
Nikole Debardelaben, Barbara Ann Deramus, Bernice C. )
Deramus, Hattie Mae Deramus,        **K.D.**        , who )
sues by and through her guardian and next of friend, Barbara )
Deramus, Lonzell Deramus, Freddie A. Douglas, **L.D.**  ı )
        , who sues by and through her guardian and next )
of friend, Gail Tyus,       **D.D.**       ı, who sues by and )
through his guardian and next of friend, Tiffany Laskey, Jabari )
Ellis, Mary Ellis, Melinda Renee Faison,        **D.F.**      , )
who sues by and through his guardian and next of friend, Shukita )
Gardner, Jennie Mae Frieson,       **D.G.**       ˙, who sues by )
and through his guardian and next of friend, Shukita Gardner, )

**CIVIL ACTION NO.:**

2:09 cv 230- wha

**PLAINTIFFS DEMAND A**
**TRIAL BY STRUCK JURY**

**Causes of Action:**
    Count I – Trespass.
    Count II – Public Nuisance.
    Count III – Private Nuisance.
    Count IV – Negligence.
    Count V – Wantonness.
    Count VI – Negligence *Per Se.*
    Count VII – Abnormally Dangerous Activity
    Count VIII – Fraudulent Suppression.

Shukita D. Gardner, **T.G.** , who sues by )
and through her guardian and next of friend, Mary Stoudemire, )
Ella C. George, Evelyn Jean Gibbons, Rebecca Gibbons, )
Thomas Earl Gibbons, Willie Dorsey Gibbons, Laerica Detrine )
Gill, Eddie Lee Gipson, Gracie Mae Gipson, Rosa L. Gipson, )
Tommy Lee Gipson Jr., Tommy Lee Gipson Sr., Mary Jackson )
Harbison, Annie J. Hardy, Hattie Pearl Hardy, Regina Faye )
Hauswirth, Arby Lee Hines, Kay W. Hines, Johnnie L. Howard, )
Gladys Marie Hunter, Paulette Ingram, Elanda Marie Jackson, )
Freddie Jackson, Janice Gibbons Jackson, Mary Alberta Jackson, )
Mattie Myers Jackson, Ray Charles Jackson, Ruby Pearl )
Jackson, Scottie V. Jackson, Ulysses Jackson, Viola D. Jackson, )
Leonard James Sr., Leonard James Jr., Mary Ethel James, Reggie )
James, Jessie Pearl Jenkins, Annie Ree Johnson, Bertha Mae )
Johnson, Bruce O'Neal Johnson, Mattie Jean Johnson, Peggy )
Northington Johnson, Shadel Johnson **A.J.** , )
who sues by and through her guardian and next of friend, Tiffany )
Laskey, Julia Lee Jones ,Mary Louise Jones, Annie Pearl )
Kellum, **D.K.** who sues by and through his )
guardian and next of friend, Tiffany Laskey, Alford Randolph )
Kirby, Arthur Francis Krause, Glenda Ann Krause, Jereline )
Lamar, Michael Lane Lamar, Bernice Mary Laskey, Joyce Ann )
Lawson, Jiles Lee Jr., Georgia Mae Lewis, Eula Hinkle Long, )
James Thomas Long Jr., James Thomas Long Sr., Kanesha )
Nicole Long, Delores Taylor Love, **L.L.** , who )
sues by and through his guardian and next of friend, Pamela )
Lovejoy, Pamela Renee Lovejoy, Annie Marie Lucas, Ethel Mae )
Manora, Bessie Lee Marshall, **D.M.** , who sues by )
and through his guardian and next of friend, Michelle Mcafee, )
Josie Elaine McKeithen, John Henry McLemore, Lillie R. )
McLemore, Vivian Antionette McQueen, Barbara A. )
Merriweather, Michael Keith Merriweather, George Jeffrey )
Meredith, Catherine Mitchell, Dina Faye Moore, Josephine )
Moore, Nellie Jean Moore, Sheila Smith Morrissette, **K.M.** )
who sues by and through her guardian and )
next of friend, Melinda Faison, **S.M.** , who )
sues by and through his guardian and next of friend, Melinda )
Faison, Lorenza Mosely, Katie Bell Mosley, M.L. Mosley, )
Grailen Levell Motley, Nellie G. Motley, Willie L. Motley, )
Gayle Wadsworth Myers, James Scott Myers, **T.M.** )
who sues by and through his guardian and )
next of friend, Shanna Myers, Georgia O'Neal, Denise Clark )
Owens, Dianne Moseley Palmer, Ben Parker Sr., Ethel L. Parker, )
Connie Hudson Parks, Deborah Anita Parks, Marquita Denise )
Parks, Willie Lee Peagler, Alice Mae Pickett, Jessie T. Pickett, )
Kimberly Nikole Pickett, Patricia Delois Pickett, Shannon Ledel )

**Complaint** Page 2
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

Pickett, Terella Pickett, Valerie D. Pickett, Willie J. Pickett, )
Tybee Lynn Poon, Belinda Jean Powell, Roderick Deromeo )
Rawlinson, Denise Reese, Oretta Earnestine Rice, Angela Rene )
Robinson, Barbara A Robinson, Debra Elaine Robinson, Kelsey )
Marlana Robinson,        **K.R.**        , who sues by and )
through his guardian and next of friend, Angela Robinson, Maria )
C. Robinson, Mary Alice Robinson,Quincy Lemond Robinson, )
Robert Lee Robinson, Robert Lee Robinson Jr., Sinda Williams )
Robinson, Stacy Renard Robinson, Willie Mae Robinson, Larry )
Charles Rogers, Ruby Rogers, Amanda Denise Rudolph, Lucy )
Mae Rudolph, Coretta Rush, Eduardo Louis Sager, Edward )
Louis Sager, Mable Louis Sager, Jessie Bell Sanders, Priscilla E. )
Sanders, Shirley Ann Sanders, Eller Jean Savage, Brenda Nell )
Scott, Eddie Dean Scott, Latasha Sherree Scott, Mary Celeste )
Scott, Johnny C. Sears, Wanda Denise Sears, Lela Mae Sims, )
Larry Lammarr Slayton, Mary Frances Slayton, **B.S.** )
, who sues by and through his guardian and next )
of friend, Dianne Smith, Corine Smith, Cynthia Elaine Smith, )
Dianne Smith, Dorothy Jean Smith, Estelle Smith , Ethel Mae )
Smith, Krista Mechelle Smith,        **K.S.**        , who sues )
by and through her guardian and next of friendm Zebrah Smith, )
Lakecia Renee Smith, Mary Lue Smith, Morris Smith, Mose )
Smith.Sr., Robert Lawrence Smith ,        **R.S.**        , who sues )
by and through his guardian and next of friend, Dianne Smith, )
Rosetta Smith, Theodis Smith, Zebrah Moton Smith, Earnestine )
Perry Steele, Odessie M. Steele, Patrick Tremaine Steele, Shirley )
White Steele, Carl Hughlette Stewart Jr., Donna Faye Stewart, )
Alfreda Stoudemire,        **A.S.**        , who sues by )
and through his guardian and next of friend, Atraina Stoudemire, )
Atraina Lorena Stoudemire, Clyde L Stoudemire,    **D.S.** )
, who sues by and through his guardian and )
next of friend, Atraina Stoudemire,    **E.S.**        , )
who sues by and through his guardian and next of friend, Atraina )
Stoudemire, Geraldine Stoudemire, Sadie Mae Stoudemire, )
Shannha Sabrina Stoudemire, Tauchie Marie Stoudemire, )
Timothy Stoudemire, Michelle Smith Sturgeon, Barbara )
Culpepper Tatum, Sammy Tatum , Annie B Taylor, Brown )
Thomas Jr., Harry J. Thomas, Mary E. Thomas, Virgie L )
Thomas, Yolanda Thomas, Gwendodolyn Townsend,    **K.T.** )
, who sues by and through her guardian and )
next of friend, Alonza D. Townsend, Timothy T. Townsend Jr., )
Cynthia Deloris Tucker, Chicaree Nicole Tyus, Gail Denise )
Tyus, Ashley Danielle Underwood, Marcus Terrell Underwood, )
Teresa Underwood, Clarence Edward Varner, Georgia Mae )
Wallace, Martha Ann Wallace, Foster L. Ware, Plummie S. )
Ware, Barbara Ann Wesson, Donna E. White, Joyce Ann White, )

**Complaint**                                                                                    **Page 3**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

Michael Shane White, Dorothy Mosely Williams, Lisa Michelle )
Williams, Monica Rena Williams, Violet Mae Williams, Aretina )
Lashaun Williamson, Arthur Williamson, Georgia G. )
Williamson, **D.W.** , who sues by and through his )
guardian and next of friend, Kecia L. Cyrus, Eldrick L. Willis, )
Rosetta Willis, Wallace Howard Wills, Charlie Wood, Debra )
Elaine Woods, **J.W.** who sues by and )
through his guardian and next of friend, Kimberly Pickett, )
Deborah Deramus Yarbrough, and Annie Laura Yelder; all of )
whom are citizens of Alabama, )
                                                                             )

        **Plaintiffs,** )

**versus** )

**INTERNATIONAL PAPER COMPANY**, a New York )
corporation (Alabama No. F/C 853-624), )

        **Defendants.** )

# COMPLAINT

COME NOW the Plaintiffs, by and through the undersigned counsel, and file this complaint against International Paper Company, alleging and averring as follows:

### Introduction

1.    This lawsuit is centered around the operation of a paper manufacturing facility located in downtown Prattville, Alabama (hereinafter the "Facility") from which tons of hazardous substances, pollutants, contaminants, and other toxic and harmful materials are, and have for years been, continuously released into the environment. For the purposes of this Complaint, the phrase "released into the environment" shall include, without limitation, releases into the atmosphere, releases into the waterways and watershed, and releases onto and into the soil.

2.    The hazardous substances, pollutants, contaminants, and other toxic materials released into the environment from the Facility (hereinafter the "Hazardous Substances") include generally, without limitation:

**Complaint**                                                                           **Page 4**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

A.   "Hazardous Chemicals," as described in 29 CFR Part 1910 Subpart Z;

B.   "Hazardous Air Pollutants" (HAPs), as described in 40 CFR § 63.2;

C.   "Hazardous Wastes," as described in 40 CFR Part 261, Subpart D;

D.   "Acute Hazardous Wastes," as described in 40 CFR § 261.30(b);

E.   "Hazardous Waste Constituents," as described in 40 CFR Part 261, Appendix VIII;

F.   "Hazardous Substances," as described in 40 CFR § 302.4; 40 CFR § 117.3;

G.   "Extremely Hazardous Substances," as described in 40 CFR Part 355, Appendices A and B;

H.   "Toxic Chemicals," as described in 40 CFR § 372.65;

I.   "Imminently Hazardous Chemical Substances or Mixtures," as described in 15 U.S.C § 2606(f)(1976), as amended; and

J.   "Hazardous Materials," as described in 49 CFR § 105.5(b).

3.   The Hazardous Substances released into the environment from the Facility include specifically, without limitation:

A.   Polychlorinated Dioxins/Furans, including, without limitation, all cogeners such as 2,3,7,8-Tetrachlorodibenzo-p-dioxin (TCDD), chlorinated dibenzofurans (CDF), and other structurally related groups of chemicals from the family of halogenated aromatic hydrocarbons;

B.   Particulate Matter, including PM-2.5 and PM-10;

C.   Volatile Organic Compounds (VOC's), including, without limitation, acetaldehyde, acrolein, benzene, ethylbenzene, ethylene, ethylene glycol, formaldehyde, methylene chloride, methyl ethyl ketone (MEK), phenols, 1,1,1-trichloroethane, trichloroethylene, toluene, and xylene, including all mixed isomers; and

D.   Polycyclic Aromatic Hydrocarbons (PAH's), including, without limitation, anthracene, benzo(b,j,k)fluoranthene, benzo(ghi)perylene, benzo(a)pyrene,

**Complaint**                                                                                               **Page 5**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

coronene, dibenz(a,h)anthracene, indeno(1,2,3,-cd)pyrene, naphthalene, ovalene, phenanthrene, propylene, pyrene, and styrene..

4.     Dioxins are unreasonably dangerous and are known to be capable of causing significant health problems in both humans and animals. TOXICOLOGICAL PROFILE FOR CHLORINATED DIBENZO-*P*-DIOXINS, U.S. Department Of Health And Human Services, Public Health Service, Agency for Toxic Substances and Disease Registry, December 1998. In fact, the IARC has classified 2,3,7,8-tetrachloro-p-dioxin as a Class I Known Human Carcinogen. The toxicity of dioxins first became known more than 40 years ago, beginning in the early 1960's. During that 40-year period, dioxins have caused death and disease:

A.     Among the inhabitants of a Dutch community after a 1963 explosion of a chemical plant near Amsterdam;

B.     Among American soldiers and Vietnamese as a result of the use of the defoliant Agent Orange during the Vietnam War;

C.     Among Italians as a result of a 1976 explosion at a Seveso, Italy chemical plant; and

D.     Among the inhabitants of the entire town of Times Beach, Missouri as a result of the use of dioxin-contaminated waste water used to control dust in the town.

5.     Furans are unreasonably dangerous and are known to be capable of causing significant health problems in both humans and animals. TOXICOLOGICAL PROFILE FOR 2,3 BENZOFURAN, U.S. Department Of Health And Human Services, Public Health Service, Agency for Toxic Substances and Disease Registry, September 1992. The unreasonably dangerous nature of furans was known no later than 1960. Wilson, R.H., McCormick, W.E., *Plastics: The Toxicology of Synthetic Resins*, AMA ARCHIVES OF INDUSTRIAL HEALTH 21:536-548 (1960).

6.     Polycyclic aromatic hydrocarbons are unreasonably dangerous and are known to be capable of causing significant health problems in both humans and animals. TOXICOLOGICAL PROFILE FOR POLYCYCLIC AROMATIC HYDROCARBONS, U.S. Department Of Health And Human

**Complaint**                                                                                    **Page 6**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

Services, Public Health Service, Agency for Toxic Substances and Disease Registry, August 1995. The unreasonably dangerous nature of polycyclic aromatic hydrocarbons have been known for almost a century.   Mixtures of polycyclic aromatic hydrocarbons that include benzo[a]pyrene such as coal tar were shown to be dermal carcinogens in animals as early as 1918.   Yamagiwa, K., Ichikawa, K., *Experimental Study of the Pathogenesis of Carcinoma.* JOURNAL OF CANCER RESEARCH 3:1-29 (1918).

7.    The Hazardous Substances released into the environment from the Facility are known to have severe and adverse health effects on humans, including, without limitation, the diseases from which Plaintiffs now suffer or have suffered.

8.    The Hazardous Substances released into the environment from the Facility are unreasonably dangerous and have long been known to cause significant adverse health effects in both humans and animals.

9.    The Hazardous Substances released into the environment from the Facility were and are accompanied by – indeed, even evidenced by – the deposition of particulate matter (hereinafter the "Particulate Matter") and certain noxious odors (hereinafter the "Noxious Odors"), which are simply the physical manifestation of the Hazardous Substances.

10.    The Facility has been rated (http//www.scorecard.org) as being among the "dirtiest facilities in the U.S." because:

A.    It is in the top 10 percent in total environmental releases.

B.    It is in the top 10 percent in non-cancer risk from both air and water releases.

C.    It is in the top 10 percent in air releases of recognized carcinogens.

11.    Defendant, International Paper Company, is a global corporation organized and existing under New York law and having its principal place of business located in Tennessee (hereinafter "International Paper").   Although it has no principal place of business in Alabama,

**Complirint**                                                                                                     **Page 7**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

International Paper is authorized to operate and conduct business in Alabama (Alabama No. F/C 853-624), and, in fact, actively operates the Facility.

12.     International Paper is the successor in interest to Union Camp Corporation (Alabama No. F/C 857-215), a corporation organized and existing in Virginia until its merger into International Paper on April 30, 1999. Prior to the merger, Union Camp Corporation operated the Facility. As used herein, the term "Defendant" and "International Paper" includes Union Camp Corporation, and International Paper is sued:

A.     In its individual capacity.

B.     As a successor in interest to Union Camp Corporation.

C.     As a successor in interest to each of those entities that, through discovery or otherwise, is identified during the course of litigation as its predecessor in interest.

D.     As an alter ego to Union Camp Corporation.

E.     As an alter ego to each of those entities that, through discovery or otherwise, is identified during the course of litigation as its adjunct or instrumentality.

13.     All Plaintiffs are present or past citizens and residents of Alabama, specifically the City of Prattville and the surrounding area.

14.     Plaintiffs have resided and/or worked in the community that surrounds the Facility and/or have owned property located in that community. In addition, Plaintiffs are all persons who have losses occasioned by International Paper's actions, including, without limitation, personal injuries, medical problems, fear of future medical problems, and property damage, all of which were proximately caused by the release of the Hazardous Substances, Particulate Matter, and Noxious Odors into the environment from the Facility.

15.     By virtue of 28 U.S.C. § 1332, this Court has diversity jurisdiction over all of Plaintiffs' state law causes of action because there is complete diversity between the parties and each Plaintiffs' individual claim exceeds $75,000 (excluding interest and costs).

**Complaint**                                                                                          **Page 8**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

16.     Venue is permissible and proper in this district pursuant to 28 U.S.C. § 1391, in that a substantial portion of the events and omissions giving rise to Plaintiffs' claims occurred in Prattville, Alabama and the persons and properties at issue are located there.

17.     When reference in this Complaint is made to any act or omission by the Defendants, it shall be deemed to mean that the officers, directors, agents, employees, or representatives of Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of the Defendants, and did so while acting within the scope of their employment or agency.

18.     Plaintiffs have brought this case seeking damages and injunctive relief for injuries proximately caused by the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility.

19.     Despite knowing for several years that it was causing Hazardous Substances, Particulate Matter, and Noxious Odors to be released into the environment from the Facility, International Paper intentionally failed to disclose this information to Plaintiffs.  As a result:

A.     For several years Plaintiffs have been continually and unknowingly exposed to the Hazardous Substances, Particulate Matter, and Noxious Odors released into the environment from the Facility.  As a direct and proximate consequence of their exposure to the Hazardous Substances, Plaintiffs' health has been impaired and they have suffered injuries.  Moreover, as a result of the length and level of their exposure to the Hazardous Substances, Plaintiffs' long term health is at risk.

B.     For several years real property, personal property, and fixtures (hereinafter collectively the "Property") owned by Plaintiffs has been continually and unknowingly contaminated by the Hazardous Substances, Particulate Matter, and Noxious Odors released into the environment from the Facility.  As a direct and

**Complaint**                                                                                                                    **Page 9**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

proximate consequence of this contamination, Plaintiffs have suffered damage to and diminution of the value of their Property, and they have lost the expected use and enjoyment of their Property, and, in addition, have and will be required to spend large sums of money to clean up their Property.

## Factual Allegations

20.     The Facility is a paper manufacturing mill located in Prattville, Alabama.

21.     International Paper regularly and periodically caused the Facility to release Hazardous Substances, Particulate Matter, and Noxious Odors into the environment.

22.     The actions of International Paper and its employees, agents, officers, and representatives, constituted violations of laws intended to protect Plaintiffs from the effects of the Hazardous Substances, Particulate Matter, and Noxious Odors, including, without limitation, the following laws:

A.     THE RESOURCE CONSERVATION AND RECOVERY ACT, 42 U.S.C. §§ 6901, *et seq.* (1976), as amended, as described in 40 CFR Parts 239-282 and in ADEM[1] Admin. Code R. 335-13 and 335-14 (hereinafter "RCRA").

B.     THE COMPREHENSIVE ENVIRONMENTAL RESPONSE COMPENSATION AND LIABILITY ACT, 42 U.S.C. §§ 9601, *et seq.* (1980) as amended, as described in 40 CFR Parts 370 – 374 (hereinafter "CERCLA").

C.     SUPERFUND AMENDMENT AND REAUTHORIZATION ACT OF 1986, Pub. L. No. 99-499 (codified as amended in scattered sections of the UNITED STATES CODE), as described in 40 CFR Parts 370 – 374 (hereinafter "SARA"). This legislation reauthorized CERCLA to continue cleanup activities around the country.

D.     THE EMERGENCY PLANNING COMMUNITY RIGHT TO KNOW ACT, 42 U.S.C. §§ 11001, *et seq.* (1986), as amended, as described in 40 CFR Part 370. Also known

---

1.     "ADEM" refers to the Alabama Department of Environmental Management.

**Complaint**                                                                                    **Page 10**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

as Title III of SARA, this legislation was enacted to help local communities protect public health, safety, and the environment from chemical hazards.

E.    OSHA[2] Hazardous Waste Operations and Emergency Response Standard, which applies to all facilities and situations in which workers are exposed to physical or chemical hazards during activities such as cleaning up hazardous waste sites or responding to emergencies involving releases of hazardous materials or wastes under CERCLA or RCRA, as described in 29 CFR §§ 1910.120 and 1926.65.

F.    THE CLEAN AIR ACT, 42 U.S.C. §§ 7401, *et seq.* (1970), as amended, as described in 40 CFR Parts 50 – 97, and in ADEM Admin. Code R. 335-3 and in the JCDH-APCP[3] Rules and Regulations.

G.    THE CLEAN WATER ACT, 33 USCS §§ 1251, *et seq.* (1972), as amended, as described in 40 CFR Parts 100 – 149 and in ADEM Admin. Code R. 3356-6.

H.    THE SOLID WASTE DISPOSAL ACT, 42 USCS §§ 6901 *et seq.*;/THE ALABAMA AIR POLLUTION CONTROL ACT OF 1971, *CODE OF ALABAMA* §§ 22-28-1, *et seq.*;

I.    THE ALABAMA HAZARDOUS WASTES MANAGEMENT AND MINIMIZATION ACT, *CODE OF ALABAMA* §§ 22-30-1, *et seq.*;

J.    THE ALABAMA SOLID WASTES DISPOSAL ACT, *CODE OF ALABAMA* §§ 22-27-1, *et seq.*;  ·

K.    THE ALABAMA ENVIRONMENTAL MANAGEMENT ACT, *CODE OF ALABAMA* §§ 22-22A-1, *et seq.*;

L.    THE ALABAMA WATER POLLUTION CONTROL ACT, *CODE OF ALABAMA* §§ 22-22-1, *et seq.*;

M.    THE ALABAMA UNDERGROUND STORAGE TANK AND WELLHEAD PROTECTION ACT OF 1988, *CODE OF ALABAMA* §§ 22-36-1, *et seq.*;

N.    ADEM Regulation 335-3-3-.05(19)(c);

---

2.    "OSHA" refers to the Occupational Safety and Health Administration.

3.    "JCDH-APCP" refers to the State of Alabama Jefferson County Department of Health Air Pollution Control Program.

**Complaint**                                                                                    **Page 11**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

O.    ADEM Regulation 335-3-4-.02(1) and (2);

P.    ADEM Regulation 335-3-14-.01(1)(b);

Q.    ADEM Regulation 335-14-5;/ADEM Regulation 335-14-7-.08;

R.    ADEM Regulation 335-14-7-.08, subpart H; and

S.    ADEM Regulation 335-14-X.

23.    The actions of International Paper in violating the foregoing laws and regulations constitute violations of duties imposed by law and intended to prevent harm to Plaintiffs and other persons similarly situated.

24.    At all times pertinent hereto, International Paper knew, or should have known, that the Facility was releasing Hazardous Substances, Particulate Matter, and Noxious Odors into the environment at a level that was unlawful and at a level that could cause injury to persons and Property.

25.    At all times pertinent hereto, International Paper knew, or should have known, that the operations, waste management, and emissions controls at the Facility have been environmentally unsound and that, as a result, Hazardous Substances, Particulate Matter, and Noxious Odors have been released into the environment and onto Plaintiffs and their Property.

26.    International Paper was required to report the volume of Hazardous Substances, Particulate Matter, and Noxious Odors that were being released into the environment from the Facility, but for many years International Paper underreported those releases.   International Paper knew, or should have known, that it was underreporting the volume of Hazardous Substances, Particulate Matter, and Noxious Odors that were being released into the environment from the Facility.

27.    Plaintiffs were among the intended beneficiaries of International Paper's duty to report the volume of Hazardous Substances, Particulate Matter, and Noxious Odors that were being released into the environment from the Facility.

**Complaint**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

**Page 12**

28.     Exposure to the Hazardous Substances, Particulate Matter, and Noxious Odors released into the environment from the Facility are known to cause, promote, and accelerate cancer, to cause birth defects, and to cause other serious, disabling, and life-threatening diseases and health conditions in humans.

29.     At all times pertinent hereto, International Paper knew or should have known that the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment could could, and in fact, did, directly and proximately cause, promote, and accelerate cancer, cause birth defects, and cause other serious, disabling, and life-threatening diseases and health conditions in humans.

30.     The Hazardous Substances, Particulate Matter, and Noxious Odors released into the environment from the Facility have, in fact, directly and proximately caused, promoted, and accelerated cancer, caused birth defects, and caused other serious, disabling, and life-threatening diseases and health conditions in Plaintiffs.

31.     The Hazardous Substances, Particulate Matter, and Noxious Odors released into the environment from the Facility have been deposited onto and contaminated Plaintiffs' Property.

32.     At all times pertinent hereto, International Paper knew or should have known that the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment could, and in fact, did, directly and proximately cause damage to Property in the community surrounding the Facility.

33.     Plaintiffs' exposure to the Hazardous Substances, Particulate Matter, and Noxious Odors released into the environment from the Facility directly and proximately caused Plaintiffs to suffer damages, including, without limitation:

A.     Serious, disabling, and life-threatening diseases and health conditions.

B.     Emotional injuries, including pain and suffering.

C.     Loss of wages.

**Complaint**                                                                                                      **Page 13**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

D.    Medical expenses.

E.    Future medical expenses.

F.    Loss of enjoyment of life.

34.    International Paper has used Plaintiffs' Property as if that Property belonged to International Paper and was a part of the Facility. The manner in which International Paper has done this is by dumping its waste, debris, and ash on and near Plaintiffs' properties, by its continuing use of those piles, and by its failure to remove the existing hundreds of thousands of tons of waste, debris, and ash dumped on or near Plaintiffs' properties.

35.    International Paper reaps tremendous economic benefit and avoids substantial costs by its use of Plaintiffs' properties as its own effective supplementary dumping grounds. International Paper could remove the waste, debris, and ash and cease and desist from further creation and use of waste, debris, and ash piles on or near Plaintiffs' properties, but has chosen not to do so in order to save itself money, thus gaining the use and enjoyment of the saved money while at the same time reducing the use and enjoyment of Plaintiffs' properties. International Paper knew, or should have known, that its actions were invasive and interfered with Plaintiffs' enjoyment of their Property.

36.    International Paper negligently and/or knowingly suppressed the following facts, all of which it was required to disclose:

A.    The nature and extent of the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment.

B.    The fact that unprotected persons, including Plaintiffs, should not be exposed to the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility into the environment.

C.    That exposure to the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility into the environment could occur by breathing, ingesting,

**Complaint**                                                                                                                        **Page 14**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

or otherwise coming into contact with the Hazardous Substances, Particulate Matter, and Noxious Odors.

D.     That exposure to the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility into the environment could cause, promote, and accelerate cancer, cause birth defects, and cause other serious, disabling, and life-threatening diseases and health conditions.

E.     That the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility into the environment could cause a diminution in value of Property and the loss of enjoyment thereof.

37.     Through its actions and by suppressing the foregoing information, International Paper prevented Plaintiffs and other neighboring Property owners and residents from fully evaluating and understanding the situation and delayed Plaintiffs' assertion of their legal rights.

38.     In addition to knowing that their actions and inactions were wrongful, Defendants know or had reason to know that Facility's releases of hazardous substances onto neighboring residential areas was and is improper as creating public nuisance under Alabama statutory laws and the common law in existence at time relevant hereto.

## COUNT I
## TRESPASS

39.     Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

40.     International Paper's continuous release of the Hazardous Substances, Particulate Matter, and Noxious Odors into the environment resulted in the contamination of Plaintiffs' Property and constituted a continuous trespass onto Plaintiffs' Property.

**Complaint**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

**Page 15**

41.     International Paper never sought or obtained Plaintiffs' consent to enter onto their Property or to permit the Hazardous Substances, Particulate Matter, and Noxious Odors to invade Plaintiffs' properties.

42.     The entry and presence of the Hazardous Substances, Particulate Matter, and Noxious Odors onto Plaintiffs' Property is unauthorized.

43.     As a direct and proximate consequence of the continuous trespass onto their Property, Plaintiffs have suffered and continue to suffer injury to their Property, deprivation of the reasonable use and value of their Property, a decrease in the value of their Property, the nuisance and inconvenience of having to cope with the Noxious Odors, and other damages.

44.     Plaintiffs are entitled to injunctive relief to against International Paper, including, without limitation, the following:

A.     Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.     Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

C.     Injunctive relief to prevent any further release of Noxious Odors.

45.     Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

A.     Compensation for assessment and remediation costs;

B.     Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.     Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.     Compensation for the annoyance, discomfort, and inconvenience;

E.     Compensation for other consequential and incidental damages;

F.     Punitive damages in an amount sufficient to punish International Paper and to deter future misconduct.

**Complaint**                                                                                                      **Page 16**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

## COUNT II
## PUBLIC NUISANCE

46.     Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

47.     The air above the ground and the water below the ground are held by the State of Alabama in an irrevocable trust for the benefit of the public.     Plaintiffs are among the beneficiaries of that irrevocable trust.

48.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility wrongfully damaged trust assets for an improper, private purpose.

49.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility unreasonably interfered with the health, safety, and Property rights of the surrounding community.

50.     The actions of International Paper in causing the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility subverted public order, decency, and morals, and further constituted an obstruction of public rights.

51.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility constituted a public nuisance.

52.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility proximately caused Plaintiffs' injuries.

**Complaint**                                                                                                 **Page 17**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

53.     The injuries caused by the public nuisance are unique to Plaintiffs in this case hereby entitling them to be awarded damages for their injuries.

54.     Plaintiffs have standing to pursue an action against International Paper for public nuisance because of their unique, close proximity to the Facility and because they have suffered and continue to suffer injuries.

55.     As a direct and proximate consequence of the public nuisance, the entire Prattville community, including the Plaintiffs, has suffered and continues to suffer injury.

56.     Plaintiffs are entitled to injunctive relief to against International Paper, including, without limitation, the following:

    A.     Injunctive relief to compel International Paper to remediate the contamination of the entire Prattville community.

    B.     Injunctive relief to prevent further trespass and contamination of the Prattville community.

57.     Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

    A.     Compensation for assessment of the contamination of the Prattville community and remediation of that contamination;

    B.     Compensation for the diminution in value of and stigma to Plaintiffs' Property;

    C.     Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

    D.     Compensation for the annoyance, discomfort, and inconvenience;

    E.     Compensation for other consequential and incidental damages;

    F.     Punitive damages in an amount sufficient to punish International Paper and to deter future misconduct.

**Complaint**                                                                                   **Page 18**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

## COUNT III
## PRIVATE NUISANCE

58.     Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

59.     International Paper has invaded and interfered with, and is invading and interfering with, Plaintiffs' through the release of Hazardous Substances, Particulate Matter, and Noxious Odors into the environment and onto Plaintiffs' Property and persons, thereby resulting in a private nuisance.

60.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility unreasonably invaded and interfered with Plaintiffs' interest in the private use and enjoyment of their Property.

61.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility proximately caused Plaintiffs to suffer personal injuries, land damage, and loss of use and enjoyment of their Property.

62.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility constituted a private nuisance.

63.     The contamination of the air, surface water, soil, and groundwater of the Prattville Community with the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility proximately caused Plaintiffs' injuries.

64.     As a direct and proximate consequence of the private nuisance, Plaintiffs have suffered and continue to suffer injury.

**Complaint**                                                                                      **Page 19**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

65.     Plaintiffs are entitled to injunctive relief to against International Paper, including, without limitation, the following:

A.      Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.      Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

66.     Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

A.      Compensation for assessment of the contamination of Plaintiffs' Property and remediation of that contamination;

B.      Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.      Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.      Compensation for the annoyance, discomfort, and inconvenience;

E.      Compensation for other consequential and incidental damages;

F.      Punitive damages from International Paper in an amount sufficient to punish International Paper and to deter future misconduct.

## COUNT IV
## NEGLIGENCE

67.     Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

68.     International Paper, together with its employees, agents, officers, and representatives, owed duties of care to Plaintiffs from the commencement of operations of the Facility and continuing through the present.

69.     International Paper breached the duties of care that it owed to Plaintiffs.

**Complaint**                                                                                      **Page 20**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

70.    As a proximate and foreseeable consequence of the breach of the duties of care owed by International Paper and its employees, agents, officers, and representatives, Plaintiffs suffered injury.

71.    As a result of these breaches, and as a direct and proximate consequence of International Paper's negligence, Plaintiffs' health has been jeopardized, and Plaintiffs have been prevented from fully evaluating the situation, previously asserting their legal rights to protection of their persons and properties, and taking measures to minimize their potential exposure to hazardous substances.

72.    Plaintiffs are entitled to injunctive to relief against International Paper, including, without limitation, the following:

A.    Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.    Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

73.    Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

A.    Compensation for assessment of the contamination of Plaintiffs' Property and remediation of that contamination;

B.    Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.    Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.    Compensation for the annoyance, discomfort, and inconvenience;

E.    Compensation for other consequential and incidental damages;

F.    Punitive damages from International Paper in an amount sufficient to punish International Paper and to deter future misconduct.

**Complaint**                                                                                      **Page 21**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

## COUNT V
## WANTONNESS

74.     Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

75.     International Paper, together with its employees, agents, officers, and representatives, owed duties of care to Plaintiffs from the commencement of operations of the Facility and continuing through the present.

76.     International Paper breached the duties of care that it owed to Plaintiffs.

77.     The actions of International Paper and its employees, agents, officers, and representatives were willful and wanton and exhibit a reckless disregard for the lives, health, and Property of Plaintiffs and the population of the Prattville community.

78.     As a proximate and foreseeable consequence of the breach of the duties of care owed by International Paper, Plaintiffs suffered injury.

79.     Plaintiffs are entitled to injunctive to relief against International Paper, including, without limitation, the following:

A.     Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.     Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

80.     Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

A.     Compensation for assessment of the contamination of Plaintiffs' Property and remediation of that contamination;

**Complaint**                                                                                    **Page 22**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

B.     Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.     Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.     Compensation for the annoyance, discomfort, and inconvenience;

E.     Compensation for other consequential and incidental damages;

F.     Punitive damages from International Paper in an amount sufficient to punish International Paper and to deter future misconduct.

## COUNT VI
## NEGLIGENCE PER SE

81.    Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

82.    International Paper, together with its employees, agents, officers, and representatives, owed duties of care to Plaintiffs from the commencement of operations of the Facility and continuing through the present.

83.    International Paper breached the duties of care that it owed to Plaintiffs.

84.    The actions of International Paper and its employees, agents, officers, and representatives, constituted violations of laws intended to protect Plaintiffs, including, without limitation, THE EMERGENCY PLANNING COMMUNITY RIGHT TO KNOW ACT, 42 U.S.C. §§ 11001, *et seq.* (1986), as amended, as described in 40 CFR Part 370, and all of the other laws described above.

85.    The actions of International Paper and its employees, agents, officers, and representatives were willful and wanton and exhibit a reckless disregard for the lives, health, and Property of Plaintiffs and the population of the Prattville community.

86.    As a proximate and foreseeable consequence of the breach of the duties of care owed by International Paper, Plaintiffs suffered injury.

**Complaint**        **Page 23**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

87.     Plaintiffs are entitled to injunctive to relief against International Paper, including, without limitation, the following:

A.      Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.      Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

88.     Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

A.      Compensation for assessment of the contamination of Plaintiffs' Property and remediation of that contamination;

B.      Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.      Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.      Compensation for the annoyance, discomfort, and inconvenience;

E.      Compensation for other consequential and incidental damages;

F.      Punitive damages from International Paper in an amount sufficient to punish International Paper and to deter future misconduct.

## COUNT VII
## ABNORMALLY DANGEROUS ACTIVITY

89.     Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

90.     International Paper was and is engaged in abnormally dangerous activities by the manner in which it has caused Hazardous Substances, Particulate Matter, and Noxious Odors to be released into the environment from the Facility.   International Paper's conduct:

A.      Created a high degree of risk of harm to others, particularly Plaintiffs;

**Complaint**                                                                                                                    **Page 24**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

B.    Created a risk involving a likelihood that the harm threatened by International Paper's activities would be great;

C.    Created a risk of harm that could not be eliminated by the exercise of reasonable care;

D.    Was not a matter of common usage; and

E.    Was inappropriate to be carried on in and near residential neighborhoods in Prattville.

91.    The release of Hazardous Substances, Particulate Matter, and Noxious Odors into the environment from the Facility constituted a non-natural use of the land on which the Facility is situated and thereby imposed an unusual and extraordinary risk of harm to Plaintiffs' persons and Property as well as to other persons and Property in the vicinity.

92.    As a direct and proximate result of International Paper's conduct in engaging in the abnormally dangerous activities alleged above, Hazardous Substances, Particulate Matter, and Noxious Odors were released into the environment from the Facility and onto Plaintiffs' persons and properties. The harm sustained by Plaintiffs is exactly the kind of harm anticipated, the possibility of which made International Paper's activities abnormally dangerous.

93.    Plaintiffs are entitled to injunctive to relief against International Paper, including, without limitation, the following:

A.    Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.    Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

94.    Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

**Complaint**        **Page 25**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

A.  Compensation for assessment of the contamination of Plaintiffs' Property and remediation of that contamination;

B.  Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.  Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.  Compensation for the annoyance, discomfort, and inconvenience;

E.  Compensation for other consequential and incidental damages;

F.  Punitive damages from International Paper in an amount sufficient to punish International Paper and to deter future misconduct.

## COUNT VIII
## FRAUDULENT SUPPRESSION

95.  Plaintiffs adopt, allege, and incorporate herein by reference all of the averments and allegations set forth in paragraphs 1 through 42 of this complaint as if fully set forth herein.

96.  As described above, federal and state environmental statutes and regulations, industry standards, and Alabama common law create duties on the part of Defendants to disclose, report, and warn affected communities of potential exposure from the release of Hazardous Substances, Particulate Matter, and Noxious Odors.

97.  Plaintiffs were all members of the Prattville Community, a community affected by the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment. Plaintiffs were therefore members of the community to whom International Paper owed a duty of disclosure.

98.  International Paper breached its duties of disclosure owed to Plaintiffs in a number of ways, including, without limitation, the following:

A.  Failing to warn and advise Plaintiffs and other members of the Prattville Community of the dangers caused by the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment.

**Complaint**                                                                                   **Page 26**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

International Paper knew or should have known that the release of Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment has endangered Plaintiffs and others by invading their homes, Property, breathing zone, schools and the places they occupy;

B.  Failing to provide Plaintiffs and others with knowledge as to what would be a reasonable, safe, and sufficient protection, if any, to safeguard Plaintiffs and others from harm and life-threatening injuries as a result of exposure to Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment; and,

C.  Failing to disclose that International Paper was releasing Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility into the environment and that these Hazardous Substances, Particulate Matter, and Noxious Odors were highly dangerous to the health of persons exposed to them and that they caused or contributed to the development of a wide variety of damages and injuries, including cancer.

99.  These failures of International Paper to disclose to Plaintiffs such information is in direct violation of federal and state law and constitutes a concealment of material facts which should have been made known to Plaintiffs. This concealment of and/or failure to report the material facts to Plaintiffs amounts to fraudulent suppression.

100.  Plaintiffs are entitled to injunctive to relief against International Paper, including, without limitation, the following:

A.  Injunctive relief to compel International Paper to remediate the contamination of Plaintiffs' Property.

B.  Injunctive relief to prevent further trespass and contamination of Plaintiffs' Property.

**Complaint**                                                                                               **Page 27**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

101.    Plaintiffs are entitled to recover damages from International Paper, including, without limitation, the following:

A.    Compensation for assessment of the contamination of Plaintiffs' Property and remediation of that contamination;

B.    Compensation for the diminution in value of and stigma to Plaintiffs' Property;

C.    Compensation for the loss of the use and enjoyment of Plaintiffs' Property;

D.    Compensation for the annoyance, discomfort, and inconvenience;

E.    Compensation for other consequential and incidental damages;

F.    Punitive damages from International Paper in an amount sufficient to punish International Paper and to deter future misconduct.

## Jury Demand and
## Ad Damnum

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby demand trial by struck jury on all of the issues that have been or may hereafter be raised in any of the pleadings, whether filed by or on behalf of Plaintiffs or International Paper.    Plaintiffs further demand judgment for the following relief:

➢    Injunctive relief requiring International Paper:

➢    To refrain from any further release of the Hazardous Substances, Particulate Matter, and Noxious Odors from the Facility;

➢    To conduct an investigation to determine the degree to which the Hazardous Substances, Particulate Matter, and Noxious Odors released from the Facility have contaminated Plaintiffs' homes and Property and the entire Prattville Community;

➢    To conduct an assessment to determine the manner in which they can remediate and remove from Plaintiffs' homes and Property and the entire Prattville Community all traces of the Hazardous Substances, Particulate Matter, and Noxious Odors that it released from the Facility; and

**Complaint**                                                                                                    **Page 28**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

> ➢ To remediate and remove from Plaintiffs' homes and Property and the entire Prattville Community all traces of the Hazardous Substances, Particulate Matter, and Noxious Odors that it released from the Facility.

➢ Compensatory damages in an amount to be assessed by the jury as just and proper, but including, without limitation:

> ➢ All expenses and economic losses;

> ➢ Out-of pocket expenses for clean up and remediation;

> ➢ Business losses;

> ➢ Loss of income;

> ➢ Reasonable and just actual and consequential damages for disruption of Plaintiffs' lives, for nuisance, for trespass, and for all other harm suffered by Plaintiffs;

➢ Punitive damages in an amount to be assessed by the jury as just and proper and in an amount sufficient to punish International Paper and to deter future misconduct; and

➢ Appropriate attorney fees and costs and expenses incurred in connection with the litigation of this matter;

➢ Such other and further relief as the Court deems just and proper.

**Complaint**                                                                      **Page 29**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**

RESPECTFULLY SUBMITTED on this the 20th day of March, 2009.

ATTORNEYS FOR THE PLAINTIFFS

_____

Robert Leslie Palmer, State Court ID No. PAL007

_____

Gregory A. Cade, State Court ID No. CAD010
Environmental Litigation Group, P.C.
3529 Seventh Avenue South
Birmingham, Alabama 35222
Telephone: 205-328-9200
Facsimile: 205-328-9206


ADDITIONAL ATTORNEYS FOR THE PLAINTIFFS WHOSE
MOTIONS FOR PERMISION TO PRACTICE PRO HAC VICE
WILL BE FILED IMMEDIATELY


J. Edward Bell, III, South Carolina Bar No. 631
J. Ryan Heiskell, South Carolina Bar No. 76960
Law Offices of J. Edward Bell, III, L.L.C.
232 King Street
Georgetown, South Carolina 29440
Telephone: 843-546-2408
Facsimile: 843-546-9604

**Complaint**                                                                                          **Page 30**
*Thomas L. Brantley, et al., v. International Paper Company*
**In the United States District Court for the Middle District of Alabama**